

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-4284
Re: A reward can be paid by a county
for the arrest of an escaped
convict, and related question.

You submit for an opinion of this department the
following questions:

"QUESTION NO. ONE. Where a party has been convicted and
serving time working out his fine and costs on the Road
and escapes, and thereafter is apprehended by a Constable
compensated on a fee basis, or some party other than an
arresting officer, who is not paid a salary by the county,
would the Commissioners' Court have the legal right to pay
a reward, or to pay some reasonable amount to the party
rearresting and returning the prisoner to the road gang?

"QUESTION NO. TWO. Would the County Auditor be authorized
to approve and present to the Commissioners' Court for
allowance a bill incurred by the Criminal District Attorney,
or Sheriff, or City Policeman, all of whom are compensated
on a salary basis in Harrison County, by renting a room at
a Hotel or Tourist Park and setting a trap to prevent the
escape of a party charged with a felony and thereby making
an arrest?"

Article 6764, Vernon's Annotated Civil Statutes,
reads in part:

"The commissioners court may provide . . . a reward
not to exceed ten dollars, to be paid out of the road and
bridge fund, for the recapture and delivery of any escaped
convict to be paid to any person other than the guard or
person in charge of such convict at the time of his escape."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Such statute is authority for the payment of a reward not to exceed $10.00 for the capture of an escaped convict subject to the limitation that no such reward shall be paid to the guard, sheriff or other person charged with the safe keeping of such prisoner. No provision is made for the payment of expenses incurred by the person making the arrest and returning the prisoner as such reward is for the "recapture and delivery" of the prisoner.

The first paragraph of section (b) of Article 3899, Vernon's Annotated Civil Statutes, reads as follows:

"(b) Each officer named in this Act, where he receives a salary as compensation for his service, shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premium on fire, burglary, theft, robbery insurance protecting public funds and including the cost of surety bonds for his Deputies, such expenses to be passed on, pre-determined and allowed in kind and amounts, as nearly as possible, by the Commissioners' Court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuihg month, which application shall, before presentation to said court, first be endorsed by the County Auditor, if any, otherwise the County Treasurer, only as to whether funds are available for payment of such expehses. The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of the Sheriff stating the necessity therefor,purchase equipment for a bureau of criminal identification, such as cameras, finger print cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment in keeping with the system in use by the Department of Public Safety of this State, or the United States Department of Justice and/or Bureau of Criminal Identification."

We held in opinion No. 0-3571 that such statute was sufficiently broad to enable the Commissioners' Court to determine that the sheriff's use of a commercial radio station for broadcasting messages in an attempt to locate run-away children, missing persons, stolen property, etc. was a reasonable expense in the conduct of such office and to pay the costs thereof.

It was held in the case of Crosthwaite v. State, 138 S.W. (2d) 1060, that a District Attorney is not a "peace officer" within the statutes and that the county was without authority to allow him expenses in connection with drayage of gambling equipment previously seized in a raid by the District Attorney. Such holding was based upon the proposition that the performance of such act was not a duty of the District Attorney but rested upon peace officers.

The statutes impose no duty upon a District Attorney to apprehend criminals. In view of the holding in the Crosthwaite case, supra, we hold that the expenses mentioned in your second question incurred by the Criminal District Attorney are not proper charges and cannot be lawfully paid. Neither can such expenses be allowed and approved if incurred by a city policeman. Such expenses incurred by the sheriff may be lawfully incurred and paid provided the procedure prescribed in Article 3899(b), supra, is followed, and such is allowed and approved by the Commissioners' Court as a reasonable expense necessary in the proper conduct of the office of sheriff.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) LLOYD ARMSTRONG
Assistant

APPROVED FEB 9, 1942

(Signed) GROVER SELLERS
First Assistant Attorney General

LA:GO

APPROVED OPINION COMMITTEE
By B.W.B. Chairman